James E. Cecchi  
Lindsey H. Taylor  
CARELLA, BYRNE, BAIN, GILFILLAN,  
 CECCHI, STEWART & OLSTEIN  
5 Becker Farm Road  
Roseland, New Jersey 07068  
(973) 994-1700  

Fred T. Isquith  
WOLF HALDENSTEIN ADLER  
 FREEMAN & HERZ LLC  
270 Madison Avenue  
New York, New York 10016  
(212) 545-4600  

Mary Jane Fait  
Adam J. Levitt  
Theodore B. Bell  
WOLF HALDENSTEIN ADLER  
 FREEMAN & HERZ LLC  
55 W. Monroe Street, Suite 1111  
Chicago, Illinois  60603  
(312) 984-0000  

Attorneys for Plaintiff  

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RITA POLK, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff<br><br>vs.<br><br>SCHERING-PLOUGH CORPORATION and MERCK & CO., INC.<br><br>                    Defendants. | Civil Action No.<br><br><br><br><br>**COMPLAINT and**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Rita Polk, hereinafter ("Plaintiff"), and on behalf of herself and all others similarly situated nationwide, by way of Complaint against Defendants Schering-Plough Corporation ("Schering") and Merck & Co, Inc. ("Merck")(together "Defendants"), and allege as follows:

1

## PARTIES

1.      Plaintiff Rita Polk is a citizen of the State of Illinois, residing at 400 E. 41st Street, Chicago, Illinois 60653.

2.      Defendant Schering-Plough is a New Jersey corporation with its principal place of business at 2000 Galloping Hill Road, Kenilworth, New Jersey 07033.

3.      Defendant Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey 08889.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d), because at least one member of the class is a citizen of a different State than the Defendants, there are 100 or more class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and cost.

5.      Venue is properly set in this District pursuant to 28 U.S.C. § 1391(a) because Defendants reside, transact business and are found within this District, and a substantial part of the events giving rise to the claims at issue in this Complaint arose in this District.

## FACTUAL ALLEGATIONS

6.      Defendants are pharmaceutical companies who develop and market name brand pharmaceuticals.

7.      Defendants jointly developed and marketed Zetia, which was approved by the FDA as an anti-cholesterol treatment.

2

8. Zetia is also a component in another purported anti-cholesterol drug, Vytorin, which was also jointly developed and marketed by Defendants. Vytorin is a combination of Zetia and Zocor, another brand name drug which has been proven to reduce cholesterol and also reduce the risk of heart attacks.

9. Defendants advertised and marketed both Zetia and Vytorin to the public and to physicians as a safe and effective treatment for the lowering of cholesterol. Both products have been extensively marketed on television and in print advertising directed to consumers for the purpose of encouraging consumers who may need cholesterol-lowering drugs to ask their physicians to prescribe Zetia or Vytorin, rather than other products.

10. As a result of these marketing efforts, physicians have prescribed millions of doses of Zetia and Vytorin for their patients. Defendants earned revenues of approximately $5 billion in 2007.

11. In or about April 2004, Defendants commissioned the Enhance study of Zetia and Vytorin in order to prove that Zetia, and in particular Vytorin, would be effective in reducing the accumulation of fatty plaque in the patients arteries. Accumulated fatty plaque in the arteries can cause blockage in the arteries and can cause heart attacks and strokes.

12. The Enhance study was completed in April 2006. However, Defendants repeatedly failed to release the results of the study. After pressure from numerous sources, including from Congress, on or about January 14, 2008, Defendants released the results of the Enhance study.

13. The Enhance study revealed that Zetia and Vytorin failed to provide benefits to patients i.e., to slow the accumulation of fatty plaque in the arteries. In addition, the study also demonstrated that, rather than lowering the accumulation of fatty plaques in the arteries, Vytorin

actually caused fatty plaques to accumulate nearly twice as fast, thus increasing, rather than decreasing, the patient's chances of suffering a heart attack and/or stroke.

14. Furthermore, the study show that Vytorin failed to slow the growth of carotid-artery plaque any more than, Zocor, an older cholesterol drug, which is available as a much cheaper generic.

15. In or about September 2007, Plaintiff was prescribed Zetia by her physician. Since that time, she has purchased Zetia on an ongoing basis.

## CHOICE OF LAW

16. New Jersey law applies to the claims of Plaintiff and all Class members. New Jersey has a greater interest than any other State in light of the facts that (1) Defendants principal place of business is in New Jersey, (2) New Jersey is the State from which Defendants misrepresentations emanated, and (3) New Jersey is the State in which the parties' relationship is centered.

17. For the same reasons, New Jersey has significant contacts and/or a significant aggregation of contacts, creating state interests, with all parties and the occurrences or transactions alleged here.

18. In the alternative, the Court may apply the consumer protection laws of the 50 states and the District of Columbia.

## CLASS ALLEGATIONS

19. Plaintiff brings this action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and as representative of a Class of individuals and entities who purchased Zetia and/or Vytorin.

20.     Plaintiff brings this action as a Class Representative to recover damages and/or refunds from Defendants for consumer fraud under the New Jersey Consumer Fraud Act for Defendants false promises or concealment of material facts regarding the safety and effectiveness of Zetia and/or Vytorin.

21.     In addition, Plaintiff brings this action as a Class Representative to recover damages and/or refunds from Defendants for breach of implied warranty of merchantability with respect to Zetia and Vytorin.

22.     This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of the Federal Rules of Civil Procedure Rule 23(a)(1-4) and (b)(1).

23.     The Plaintiff Class is defined and proposed as follows:

>       All individuals and entities who purchased or were prescribed Zetia and/or Vytorin and who took such medication.

24.     Excluded from the Plaintiff Class are:

A.      Defendants and any entities in which Defendants have a controlling interest;

B.      Any entities in which Defendants officers, directors, or employees are employed and any of the legal representatives, heirs, successors or assigns of Defendants;

C.      The Judge to whom this case is assigned and any member of the Judge's immediate family;

E.      All persons or entities that properly execute and timely file a request for exclusion from the Class.

25. The Class is so numerous that the individual joinder of all its members, in this or any action, is impracticable. The exact number or identification of Class members is presently unknown to Plaintiff, but it is believed that Class members number at least in the thousands. The identity of Class members is ascertainable. Class members may be informed of the pendency of this Class action by a combination of direct mail and public notice, or other means.

26. Common questions of fact and law exist as to all members of the Class, which predominate over questions affecting only individual members of the Class. These include, but are not limited to, the following:

    A. Whether Defendants made a misrepresentation and/or false promise, or concealed, suppressed or omitted any material fact with intent that consumers rely on such concealment, suppression or omission in connection with the sale or advertisement of any merchandise, which is prohibited by the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1,et seq.;

    B. Whether Plaintiff and members of the Class suffered any ascertainable loss of money or property as a result of the false promise or misrepresentation, or concealment, suppression or omission of material fact;

    C. Whether Plaintiff and members of the Class are entitled to recover damages, including refunds, treble the damages sustained, interest, attorneys' fees, filing fees, and reasonable costs of suit for Defendants injury to them in contravention of the New Jersey Consumer Fraud Act;

    D. Whether Defendants breached the implied warranty of merchantability with respect to the products which they purchased.

27. Plaintiff's claims are typical of claims of the members of the Plaintiff Class.

28. Plaintiff is an adequate representative of the Plaintiff Class because she is a member of the Plaintiff Class and her interests do not conflict with the interests of the members of the Plaintiff Class she seeks to represent. Plaintiff is represented by experienced and able counsel who have litigated numerous class actions, and Plaintiffs counsel intends to prosecute this action vigorously for the benefit of the entire Plaintiff Class. Plaintiff and her counsel can fairly and adequately protect the interests of the members of the Plaintiff Class.

29. The class action is the best available method for the efficient adjudication of this litigation because individual litigation of the Plaintiff Class claims would be impracticable and individual litigation would be unduly burdensome to the courts. Further, individual litigation has the potential to result in inconsistent or contradictory judgments. A class action in this case presents fewer management problems and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

30. A notice of pendency and/or resolution of this class action can be provided to Class members by direct mail, public notice, or other means.

### FIRST COUNT
### (New Jersey Consumer Fraud Act)

31. Plaintiff incorporates the allegations contained in Paragraphs 1-30 as if fully set forth herein.

32. Plaintiff brings this claim pursuant to the New Jersey Consumer Fraud Act (the "Act") which was enacted and designed to protect consumers against unfair, deceptive, or fraudulent business practices. N.J.S.A. § 56:8-1 *et seq*.

33. N.J.S.A. § 56:8-2 provides:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment,

        suppression, or omission of any material fact . . . whether or not
any person has in fact been misled, deceived or damaged thereby,
is declared to be an unlawful practice.

34. At all relevant times, Plaintiff, Class members and Defendant were "persons" within the meaning of N.J.S.A. § 56:8-1.

35. The pharmaceutical products manufactured and sold by Defendants are "merchandise" within the meaning of the Act, and Plaintiff (and Class members) are "consumers" within the meaning of the Act and thus entitled to the statutory remedies made available in the Act.

36. Defendants, through its advertising literature and product specifications, used an unconscionable commercial practice, deception, fraud, false pretense, false promise, or misrepresentation in violation of the Act in connection with the marketing of Zetia and Vytorin in that Defendants marketed the products as being safe and effective treatments for the lowering of cholesterol when, in fact, they were not.

37. Defendants knowingly concealed, suppressed, or omitted the material facts regarding the safety and effectiveness of Zetia and Vytorin, knowing that consumers and physicians would rely upon the absence of contra-indications in continuing to prescribe Zetia and Vytorin for their patients.

38. Had Plaintiff and reasonable consumers like him known the true facts about the safety and effectiveness of Zetia and Vytorin, they would have asked their physicians to prescribe other medications, and had physicians known the true facts regarding the safety and effectiveness of Zetia and Vytorin, they would have been less likely to prescribe Zetia and Vytorin for their patients.

WHEREFORE, Plaintiff, on behalf of herself and all Class members she seeks to represent, demands judgment against Defendants as follows:

1.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing au appropriate Class, and finding that Plaintiff is a proper representative of the Class;

2.      An order requiring that Defendants pay compensation to Plaintiff and the Class members in the amount of treble their loss, plus interest, and any allowable punitive damages, as permitted by N.J.S.A. 56:8-19;

3.      Costs and expenses in this litigation, including, but not limited to, expert fees, filing fees, and reasonable attorneys' fees;

4.      Such other relief as the Court may deem just.

## SECOND COUNT
### (Breach of Warranty)

39.     Plaintiff repeats the allegations contained in Paragraphs 1-38 as if fully set forth herein.

40.     Zetia and Vytorin are "goods" within the meaning of Article 2 of the Uniform Commercial Code.

41.     As a result of the foregoing, an implied warranty of merchantability attached to these goods upon their sale to Plaintiff and to other members of the Class.

42.     As part of the implied warranty of merchantability, Defendants warranted that Zetia and Vytorin would be fit for the ordinary purpose for which they would be used, i.e., for the lowering of cholesterol, and would not cause any undisclosed side-effects.

43.     Defendants breached the implied warranty of merchantability to Plaintiff and to other members of the Class in that Zetia and Vytorin were not fit for the ordinary purpose for which they would be used. Zetia and Vytorin did not provide the cholesterol-lowering benefits which were to be expected of goods of this type.

44. In addition, Vytorin was actually harmful to the patient in that it doubled the accumulation of fatty plaque in the arteries, thus increasing the risks of heart attacks and strokes.

45. As a result of the foregoing, Plaintiff and other Members of the Class have been damaged in that they have paid for medication which was, in fact, worthless.

46. In addition, Plaintiff and other members of the Class will suffer cover damages in purchasing replacement goods.

47. Further, Plaintiff and other members of the Class have suffered or may suffer consequential damages in the form of personal injuries, costs for additional medical treatment to remedy any adverse effects which they have suffered as a result of taking Zetia and Vitorin, and otherwise.

WHEREFORE, Plaintiff, on behalf of herself and all Class members she seeks to represent, demands judgment against Defendants as follows:

1. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class, and finding that Plaintiff is a proper representative of the Class;

2. Damages;

3. Costs and expenses in this litigation

4. Such other relief as the Court may deem just.

> CARELLA, BYRNE, BAIN, GILFILLAN,
> CECCHI, STEWART & OLSTEIN
> Attorneys for Plaintiff
>
> By:    /s/ James E. Cecchi
>         JAMES E. CECCHI

Dated: January 15, 2008

Mary Jane Fait
Theodore B. Bell
WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLC
55 W. Monroe Street, Suite 1111
Chicago, Illinois  60603
(312) 984-0000

Fred T. Isquith
WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLC
270 Madison Avenue
New York, New York 10016
(212) 545-4600

11

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims so triable in this action.

                        CARELLA, BYRNE, BAIN, GILFILLAN,
                        CECCHI, STEWART & OLSTEIN
                        Attorneys for Plaintiff

                        By:   /s/ James E. Cecchi
                              JAMES E. CECCHI

Dated: January 15, 2008

                        Mary Jane Fait
                        Theodore B. Bell
                        WOLF HALDENSTEIN ADLER
                         FREEMAN & HERZ LLC
                        55 W. Monroe Street, Suite 1111
                        Chicago, Illinois  60603
                        (312) 984-0000

                        Fred T. Isquith
                        WOLF HALDENSTEIN ADLER
                         FREEMAN & HERZ LLC
                        270 Madison Avenue
                        New York, New York 10016
                        (212) 545-4600