UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VYTORIN/ZETIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL No. 1938<br>Master Docket No.: 08-<br><br>CASE MANAGEMENT ORDER NO. 1 |

WHEREAS the Judicial Panel on Multidistrict Litigation (hereinafter the "Panel") has transferred to this Court for coordinated or Coordinated pretrial proceedings those actions identified on Exhibit A hereto (the "Actions"), as well as all subsequently filed putative class actions relating to the marketing and sales of the pharmaceutical products Vytorin and/or Zetia (the "Tag-along Actions") by defendants Schering-Plough Corporation, Merck & Co., Inc., and Merck/Schering-Plough Pharmaceuticals (hereinafter the "Defendants"); and

WHEREAS, in order to promote judicial economy and avoid duplication, Plaintiffs request the Court to provide for the coordination of the Actions and any other related Tag-along Actions filed in or transferred into this District, and for an organization of Plaintiffs' counsel;

NOW THEREFORE,

IT IS this ____ day of April, 2008 ORDERED as follows:

1. <u>COORDINATION OF ACTIONS</u>

The Actions and Tag-along Actions (each of which asserts similar claims against Defendants) shall be coordinated for all pre-trial purposes (the "Coordinated Actions"), subject to any subsequent orders of the Court.

2.   MASTER DOCKET

A Master Docket is hereby established for the Coordinated Actions and for all other related cases which may be filed in or transferred to this Court and Coordinated herewith. The Master Docket shall be Civil Action No. 08-____ (DMC). Entries in the Master Docket shall be applicable to these Coordinated Actions as more fully set forth below. Separate dockets shall also be maintained for each of the actions comprising the Coordinated Actions, and entries shall be made therein in accordance with the regular procedures of the Clerk of the Court, except as modified by this Order.

3.   MASTER FILE AND SEPARATE ACTION FILES

A Master File is hereby established for these Coordinated Actions and for all other cases that may be filed in or transferred to this Court and Coordinated herewith. The Master File shall be Civil Action No. 08-____ (DMC). The original of this Order shall be filed by the Clerk of the Court in the Master File herein established. The Clerk of Court shall maintain a separate file for each of the actions comprising the Coordinated Actions and filings shall be made therein in accordance with the regular procedures of the Clerk of Court except as modified by this Order. The Clerk of Court shall file a copy of this Order in each such separate file.

4.   CAPTION OF CASES

A.   Every pleading filed in the Coordinated Actions shall bear the following caption:

|                                          |   |
|------------------------------------------|---|
| IN RE: VYTORIN/ZETIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) MDL 1938<br>) Master Docket No. 08-____(DMC)<br>)<br>)<br>) |
| THIS DOCUMENT RELATES TO:                | )<br>)<br>)<br>) |

All papers previously filed and served to date in either of the actions Coordinated herewith are deemed part of the record in the Coordinated Actions.

B. When a pleading or other court paper filed in the Coordinated Actions is intended to apply to all actions therein, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO" in the caption set out above. When a pleading or other court paper is intend to be applicable only to one, or some, but not all of the Coordinated Actions, the party filing the document shall indicate in the caption above the action(s) to which the document is intended to apply, and shall do so by identifying the last name of the named plaintiff(s) and the docket number(s) of the actions.

5.  FILING AND DOCKETING

A. When a paper is filed and the caption, pursuant to Section IV.B. above, shows that it is to be applicable to "All Actions," such paper shall be filed in the Master File and the Clerk shall note such filing in the Master Docket. Such papers need not be filed, and docket entries need not be made, in any other case file.

B. When a paper is filed and the caption, pursuant to Section IV.B. above, shows that it is to be applicable to fewer than all of the Coordinated Actions, such paper shall be filed in the

Master File and in the file of each specific action to which the paper is intended to apply, and the Clerk shall note such filing in the Master Docket and in the docket of each such action.

6. APPLICATION OF THIS ORDER TO SUBSEQUENTLY FILED OR TRANSFERRED CASES

Counsel in the Coordinated Actions shall call to the attention of the Court the filing or transfer of any related action arising out of similar facts and circumstances and that therefore might properly be Coordinated with the Coordinated Actions. Counsel in the Coordinated Actions shall promptly mail a copy of this Order to counsel for the plaintiff(s) in each such subsequently filed or transferred related action and to counsel for any Defendants in each such action not already a party to any action previously Coordinated. Promptly thereafter, upon notice to counsel for the parties in each such action, counsel for Plaintiffs in the Coordinated Actions and counsel for Defendants shall submit to the Court a proposed Order consolidating any such action. Any party objecting to the application of this Order to such a subsequently filed or transferred action shall, within twenty (20) days after the date upon which such a copy of this Order is mailed by counsel in the Coordinated Actions to counsel for such party, file a motion seeking relief from this Order.

7. ORGANIZATION OF COUNSEL

A. The Court designates the following to act on behalf of all Plaintiffs as Interim Liaison Class Counsel in the Coordinated Actions, with the responsibilities hereinafter described:

  1. James E. Cecchi – Carella Byrne
  2. Christopher Seeger – Seeger Weiss

B. Interim Liaison Counsel shall be charged with performing on behalf of all Plaintiffs in the Coordinated Actions the following: communications between the Court and other counsel,

advising parties of developments in the case and otherwise assisting in the coordination of activities and positions pending further order of the Court.

    C.    Interim Liaison Counsel shall have sole authority to communicate with Defendants' counsel and the Court on behalf of all Plaintiffs.

    D.    The organizational structure of Plaintiffs' counsel established in this order herein shall apply to Plaintiffs' counsel in the Coordinated Actions and any other related action filed and Coordinated subsequently. Interim Liaison Counsel shall coordinate among plaintiffs' counsel, and submit to the court for its consideration, a proposed plaintiffs' organizational structure no later than May 6, 2008.

    E.    Admission of Attorneys. Each attorney not a member of the bar of this Court who is acting as counsel for a plaintiff or defendant herein shall be deemed admitted *pro hac vice* to practice before this Court in connection with these proceedings, provided that Rule 101.1 of the Local Rules of Civil Procedure for the District of New Jersey is satisfied. Interim Liaison Counsel and counsel for Defendants shall provide the Court with a list of counsel for each party, identifying primary counsel and local counsel, if any, and the party such counsel represents.

    8.    <u>FILING AND SERVICE OF DOCUMENTS</u>

    A.    Orders. A copy of each order in any of the Coordinated Actions will be provided to Plaintiffs' Interim Liaison Counsel and to Defendants' counsel of record.

    B.    Filing and service of any document in the Coordinated Actions shall be effected pursuant to the Court's Standing Order concerning Electronic Case Filing Policies and Procedures, as amended.

9. <u>ORGANIZATION OF PLAINTIFFS' COUNSEL</u>

Consistent with paragraph 7(D), Interim Liaison Counsel shall report to the Court by May 6, 2008 as to the status of any agreed upon leadership structure for submission to the Court. In the event the parties cannot otherwise agree on a proposed leadership structure, the Court will establish a briefing schedule wherein all plaintiffs' counsel seeking appointment as Interim Class Counsel (including Lead Counsel, Co-Lead Counsel, Liaison Counsel, or any other position counsel deems appropriate) on behalf of the proposed class, shall file affidavits and memoranda of law in support of their appointment.

_____
Hon. Dennis M. Cavanaugh, U.S.D.J.