Case 2:08-cv-00285-DMC-MF    Document 96-4    Filed 09/29/2008    Page 1 of 5

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VYTORIN/ZETIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION ) ) ) ) ) ) | MDL 1938<br>Master Docket No. 08-285(DMC) |
| THIS DOCUMENT RELATES TO: ) ) ) | |
| ALL CASES ) ) | |

## STIPULATED ORDER REGARDING THE PRESERVATION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION

1.    **General**.  This Stipulation and Order governs the preservation of potentially relevant documents, data and tangible things in cases filed in or transferred to this Court as components of MDL No. 1938 and to every action that is a part thereof.

2.    **Definitions**

a.    As used herein, "Documents, Data and Tangible Things" shall be interpreted broadly to include electronically stored information (ESI) on hard drives, USB or thumb drives, databases, computers, handheld devices, floppy disks, CD-ROM, magnetic tape, optical disks, or other devices for digital data storage or transmittal.

b.    As used herein, "Preservation" shall be interpreted broadly to accomplish the goal of maintaining the integrity of documents, data and tangible things and shall include taking reasonable steps to prevent the partial or full destruction, alteration, shredding, or deletion of such materials.  Except where necessary to comply with the provisions set forth in paragraph 3 below, and provided that reasonable steps have otherwise been taken to preserve potentially

relevant materials in accordance with this Stipulation and Order, the parties may continue the practice of rewriting backup tapes and media. The parties shall have no obligation to preserve voicemails.

       3.      **Scope of Preservation.** Except where more specific preservation obligations are detailed below, the parties shall take reasonable steps, including the dissemination of Legal Hold Notices to all personnel and/or departments likely to possess information relating to Vytorin and/or Zetia and the claims at issue in this action, to ensure the preservation of all documents, data and tangible things that are reasonably likely to be the subject of discovery in this litigation for the pendency of MDL 1938.

       a.      *Email*

       The parties shall specifically undertake to preserve potentially relevant e-mail communications (including associated attachments), of employees and/or departments receiving a Legal Hold Notice by either:

       (1) preserving and maintaining one set of back-up tapes for implicated servers;

       (2) creating and preserving an electronic snapshot of implicated servers; or

       (3) preserving such emails, within an electronic archive not subject to deletion schedule.

       To the extent subparagraphs (1)-(3) are not feasible, individual plaintiffs shall preserve any documents, data and tangible things that may be in electronic form in native format,

- 2 -

along with associated attachments. These steps should be completed no later than fourteen (14) days from the entry of this Stipulation and Order.

   b.  *Databases*

The parties shall undertake to preserve potentially relevant data held in databases by either:

    (1) preserving such data in accessible electronic systems not subject to deletion schedule;

    (2) creating and preserving an electronic snapshot of relevant database servers; or

    (3) preserving and maintaining one set of back-up tapes for relevant database servers.

   c.  *Electronic documents contained in Shared or Home Directories*

Where potentially relevant electronic documents (e.g., word processing documents, spreadsheets, and PowerPoint presentations) are subject to a deletion or overwrite schedule, the parties shall undertake to preserve potentially relevant documents contained in shared and home directories by either:

    (1) preserving such directories and files contained therein in accessible electronic systems not subject to deletion schedule; or

    (2) preserving and maintaining one set of back-up tapes for relevant servers.

- 3 -

    d.     *Clinical Trial Bio-samples*

Bio-samples, such as blood serum, collected from patients in Vytorin or Zetia-related clinical trials for the purpose of future testing unrelated to the conduct of the trial itself shall be preserved for a period of one (1) year following the entry of this Order. Thereafter, unless plaintiffs move for an order compelling continued preservation, such bio-samples shall be retained by defendants pursuant to relevant company policy.

    e.     *Manufacturing Divisions*

The foregoing preservation obligations shall not extend to defendants' manufacturing departments and personnel.

    4.     **Reservation of Rights.** The parties do not concede that any of the information subject to this Stipulation and Order is discoverable, relevant or admissible, and the parties expressly reserve the right to challenge any specific discovery request concerning any such information. The parties also reserve the right to challenge the competency, relevance, materiality, privilege and/or admissibility into evidence of such documents, information or material in these or any subsequent proceedings, or at the trial of these or any other actions, in this or any other jurisdiction. The failure of any party to have preserved, prior to the entry of this Stipulation and Order, every potentially relevant "document, data and tangible thing," as defined above is not in and of itself the basis for a finding of spoliation. Nothing in this Order shall limit the parties' abilities to meet and confer, as may be necessary, to discuss modifications to the Order.

    5.     **Non-Waiver**. Nothing herein constitutes a waiver of any defenses to these actions, including but not limited to a defense of lack of personal jurisdiction.

- 4 -

Case 2:08-cv-00285-DMC-MF   Document 96-4   Filed 09/29/2008   Page 5 of 5

SO ORDERED:

_____

Hon. Mark A. Falk, U.S.M.J.

Dated: Oct - 3, 2008

#355925