James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN
5 Becker Farm Rd.
Roseland, New Jersey 07068
(973) 994-1700

Christopher A. Seeger
Stephen A. Weiss
SEEGER WEISS LLP
One William Street
New York, New York 10004
(212) 584-0700

Plaintiffs' Co-Liaison Counsel

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VYTORIN/ZETIA MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | Master Docket No. 08-0285 (DMC) MDL No. 1938 **QUALIFIED PROTECTIVE ORDER REGARDING PROTECTION OF HEALTH INFORMATION** |

THIS MATTER having been opened to the Court by Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, and Seeger Weiss, Co-Liaison Counsel for the Plaintiffs, and the Court having read the parties' papers and heard argument of counsel, and good cause appearing,

IT IS THIS __8__ day of ~~September, 2009~~ Feb 2010

ORDERED as follows:

1. This Qualified Protective Order shall apply to all "protected health information" and "individually identifiable health information," as defined by 45 C.F.R. § 160.103, or information that is otherwise protected from disclosure by Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. 1-4-191, and other applicable state law.

2. All protected health information provided to the Class Action Settlement Services LLP ("CASS"), the Co-Claims Administrator, including but not limited to names, addresses, personal identification or social security numbers, and Vytorin and Zetia payment information, shall be used for the sole purpose of administering the settlement of this litigation and shall be

held confidential and shall not be released to any other person or entity except for a qualified business associate of the Co-Claims Administrator (such as a mail house) that is necessary to administer the settlement and, in compliance with 45 C.F.R. § 164.502(e), provides satisfactory written assurance that such information will be appropriately safeguarded.

3. All covered entities that provide requested information to the Co-Claims Administrator fall within the safe harbor of HIPAA for court-ordered production of personal health information, 45 C.F.R. § 164.512(e)(1), and shall have no liability under HIPAA or any other federal or state statute, regulation, or other requirement, for supplying patient or member information to the Co-Claims Administrator. Further, covered entities that provide such information shall not be deemed to be guarantors of the completeness or accuracy of the data they provide, except that covered entities seeking payment from settlement funds must swear and affirm to the best of their personal knowledge to the truth and accuracy of the information provided in the claim forms submitted on their own behalf. Covered entities are to use their reasonable best effort to supply the requested data, but shall not be liable in any way to any party, class member, member, or any other person or entity for any claim related to the completeness and accuracy of any data provided, or for any other liability of any kind.

4. The Co-Claims Administrator likewise shall not be deemed to be a guarantor of the completeness and accuracy of the data provided to it and shall have the right to rely in good faith upon the information provided by any covered entity in administering the settlement.

5. The Co-Claims Administrator shall maintain the information received in connection with this settlement for a period of five (5) years or as otherwise ordered by the Court. At the end of five (5) years, or as ordered by the Court, it shall destroy any and all

originals and copies of the information obtained, including electronic and hard copies, and shall insure that any business associates do the same.

                                                      DENNIS M. CAVANAUGH, U.S.D.J.

3