James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN
5 Becker Farm Rd.
Roseland, New Jersey 07068
(973) 994-1700

Christopher A. Seeger
Stephen A. Weiss
Diogenes P. Kekatos
SEEGER WEISS LLP
One William Street
New York, New York 10004
(212) 584-0700

Lead Class Counsel

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| IN RE: VYTORIN/ZETIA MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | Master Docket No. 08-0285 (DMC)<br>MDL No. 1938<br><br>**FINAL APPROVAL ORDER AND**<br>**<u>JUDGMENT</u>** |
|---|---|

THIS MATTER having been opened to the Court by Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, and Seeger Weiss, Lead Class Counsel for the Plaintiffs, and Dechert LLP, attorneys for Defendants by way of Joint Motion for final approval of the proposed Settlement in the above matter; and

WHEREAS, the Court finds that it has jurisdiction over this action and each of the parties under 28 U.S.C. § 1331 and that venue is proper in this district; and

WHEREAS the Court finds as follows: The Settlement Agreement was entered into at arms length by experienced counsel and only after extensive arms length negotiations lasting several months. The Settlement Agreement is not the result of collusion. The Class has received the best notice practicable under the circumstances and the Settlement is fair, reasonable and adequate; and

WHEREAS, this Court has fully considered the record of these proceedings, the representations, argument, and recommendation of counsel for the moving parties, and the requirements of law; and good cause appearing,

IT IS THIS 9 day February, 2010

ORDERED as follows:

1. The Court has personal jurisdiction over all Settlement Class Members and Defendants, and the Court has subject matter jurisdiction to approve the Agreement and all Exhibits thereto.

2. The terms of the Class Settlement Agreement and Release between Class Plaintiffs and Merck & Co., Inc., Schering-Plough Corp., and Merck/Schering-Plough Pharmaceuticals ("Defendants"), dated August 4, 2009, including all exhibits thereto (the "Settlement Agreement," attached to the Declaration of James Cecchi dated September 8, 2009 ("Cecchi Decl.") as Exhibit 1) is approved.[1]

3. The proposed Plan of Allocation dated August 4, 2009, together with all exhibits there to ("Plan of Allocation"), attached as Exhibit 2 to the Cecchi Declaration is approved.

4. The Court further finds, for settlement purposes only, that all requirements of Fed.R.Civ.P. 23(a) and (b)(3) have been satisfied. The court certifies a Master Class (the "Class") and two subclasses (the "Subclasses") as follows:

> Master Class: All individuals and entities in the United States and its territories who, for purposes other than resale, purchased, reimbursed, used, and/or paid for VYTORIN or ZETIA during the period from November 1, 2002 through the date the Court enters a Preliminary Approval Order preliminarily approving the Settlement. For purposes of the Class definition, individuals and entities "purchased" VYTORIN or ZETIA if they paid or made a co-payment for some or all of the purchase amount.

---

[1] Unless otherwise provided herein, the terms defined in the Settlement Agreement shall have the same meaning in this Order.

2

Consumer Subclass: All individual persons in the United States and its territories who, for purposes other than resale, purchased, used and/or paid for VYTORIN or ZETIA during the period from November 1, 2002 through the date the Court enters a Preliminary Approval Order preliminarily approving the Settlement. For purposes of the Subclass definition, individuals "purchased" VYTORIN or ZETIA if they paid or made a co-payment pursuant to the terms of a health insurance plan, for some or all of the purchase amount.

Third-Party Payor Subclass: All entities in the United States and its territories that, for purposes other than resale, purchased, reimbursed and/or paid for all or part of the cost of VYTORIN or ZETIA from November 1, 2002 through the date the Court enters a Preliminary Approval Order preliminarily approving this Settlement. Such entities include, but are not limited to, all self-funded employer plans, private insurance providers, managed care organization, insurance companies, employee benefit plans, health and welfare funds, union plans, workers compensation entities, HMOs, PPOs, entities with self-funded plans, and any other entity who is a party to a contract, issuer of a policy, or sponsor of a plan, and is at risk, under such contract, policy, or plan, to pay or reimburse all or part of the cost of prescription drugs dispensed to covered natural persons.

Excluded from the Class and Subclasses are Defendants and their affiliates, assignees, and successors-in-interest, and their officers, directors, and employees; any Judge who presides or has presided over this litigation and/or its constituent actions, together with his/her immediate family members and any other individual residing in the Judge's household; Plaintiffs' counsel and their employees, together with their immediate family members and any other individual residing in the household of such individuals; Defendants' counsel and their employees, together with their immediate family members and any other individual residing in the household of such individuals; individuals and entities that opt-out of the Settlement in accordance with the procedures approved by this Court; IRHPs that have entered into a separate IRHP Settlement Agreement with Defendants; individuals and entities that own or operate businesses commonly known as pharmacy benefit managers ("PBMs"), third party administrators ("TPAs") and/or administrative service organizations ("ASOs") to the extent that, as part of their business operations, they contract with Third-Party Payors to perform administrative and/or management

3

services in connection with the Third-Party Payor's purchase of prescription drugs; and the United States and/or State governments and their agencies and departments.

5. The Court finds that the requirements of Rule 23(a) are satisfied for settlement purposes only, as follows:

(a) Pursuant to Fed.R.Civ.P. 23(a)(1), the members of the Class are so numerous that joinder of all members is impracticable.

(b) Pursuant to Fed.R.Civ.P. 23(a)(2) and 23(c)(1)(B), the Court determines that, in the context of settlement, there are common issues of law and fact as follows:

(i) Whether Defendants concealed material information from Plaintiff, members of the Class and Subclasses, physicians, and the general public concerning the efficacy and safety of Zetia and Vytorin, including without limitation the results of the ENHANCE study;

(ii) Whether Defendants concealed material information from Plaintiff, members of the Class and Subclasses, physicians, and the general public as part of a centrally orchestrated scheme of deception; and

(iii) Whether Defendants engaged in a fraudulent and/or deceptive scheme of marketing and selling Zetia and Vytorin for treating high cholesterol and associated risk factors for heart attacks, such as atherosclerosis; and

(c) Pursuant to Fed. R. Civ. P. 23(a)(3), the claims of the Representative Plaintiffs (as defined below) are typical of the claims of the Class and Subclasses in that the Representative Plaintiffs allege that they have purchased and/or paid for Vytorin or Zetia during the Class Period.

    (d)    Pursuant to Fed. R. Civ. P. 23(a)(4), in the context of settlement, the Representative Plaintiffs will fairly and adequately protect and represent the interests of all members of the Class and Subclasses, and the interest of the Representative Plaintiffs are not antagonistic to those of the Class or Subclasses. The Representative Plaintiffs are represented by counsel who are experienced and competent in the prosecution of complex class action litigation.

6.    The Court further finds that the requirements of Rule 23(b)(3) are satisfied for settlement purposes only, as follows:

    (a)    Questions of law and fact common to the members of the Class, as described above predominate over questions that may affect only individual members; and

    (b)    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

7.    The Court appoints the following as class representatives of the Consumer Subclass: Helen Aronis, Kenneth Bever, Glenda Morgan, Roy Cosgrove, Charles Miller, Anna Iannuzzi, Robery Mastrondrea, Robert Love, Donald Varino, Frances Weiland, and Daniel Tollefson. The Court appoints the following as class representatives of the TPP Subclass: IBEW Local 164 Welfare Fund, Fire & Police Retiree Health Care Fund of San Antonio, Pipefitters Local 537 Trust Fund, Teamsters Healthcare, Midwestern Teamsters Health & Welfare Fund, UFCW & Employers Arizona Health & Welfare Trust, County of Suffolk, and Louisiana Health Insurance Indemnity Company.

8. The Court finds that the Settlement Notices attached as Exhibits 3 and 5 to the Declaration of Katherine Kinsella dated September 4, 2009 ("Kinsella Declaration") and Claim Forms attached as Exhibits 6 and 7 to the Cecchi Declaration have satisfied the requirements of Rule 23(c)(2) and Due Process.

9. The Court finds that the following counsel fairly and adequately represent the interests of the putative Class and hereby appoints Seeger Weiss LLP and James E. Cecchi as Co-Lead Class Counsel pursuant to Rule 23(g). The Court also acknowledges that the Settlement Agreement identifies Hagens Berman Sobol Shapiro LLP as Counsel for the Nationwide Third-Party Payor Subclass and Wolf Haldenstein Adler Freeman & Herz LLC and Quinn Emanuel Urquhart Oliver & Hedges LLP as Counsel for Nationwide Consumer Subclass.

10. The Court finds that the settlement fund escrow established pursuant to the Settlement Agreement (the "Settlement Fund") is a "qualified settlement fund" as defined by Section 1.468B-1(a) of the Treasury Regulations in that it satisfies each of the following requirements:

  (a) The Settlement Fund is established pursuant to an order of this Court and is subject to the continuing jurisdiction of this Court;

  (b) The Settlement Fund is established to resolve or satisfy one or more claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities; and

  (c) The assets of the Settlement Fund are segregated from other assets of the Defendants, the transferor or payments to the Settlement Fund.

Under the "relation-back" rule provided under section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that:

(a) the Settlement Fund met the requirements of paragraphs 15(b) and (c) of this Order approving the establishment of the Settlement Fund subject to the continued jurisdiction of this Court; and

(b) Defendants and Claims Administrator may jointly elect to treat the Settlement Fund as coming into existence as a "qualified settlement fund" on the later of the date the Settlement Fund met the requirements of paragraphs 15(b) and (c) of this Order or January 1, of the calendar year in which all requirements of paragraph 15 of this Order are met. If such a relation-back election is made, the assets held by the Settlement Fund on such date shall be treated as having been transferred to the Settlement Fund on that date.

11. The terms of the Settlement Agreement and this Final Approval Order and Judgment are binding on the Plaintiffs and all other Settlement Class Members, as well as their heirs, executors and administrators, successors and assigns.

12. The terms of the Settlement Agreement and this Final Approval Order and Judgment shall have *res judicata*, collateral estoppel and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interests, or expenses which are based on or in any way related to any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest, or expenses which were asserted in the Action, except for the claims which were excluded from the Settlement in Article V, Paragraph B of the Settlement Agreement.

13. The Parties and their counsel are ordered to implement and to consummate the Agreement according to its terms and provisions.

14. All claims against Defendants in this case, are hereby dismissed on the merits and with prejudice, without fees or costs to any party except as provided below.

15. The releases set forth in Article VII of the Settlement Agreement are incorporated by reference.

16. The Parties are authorized, without further approval from the Court, to agree to and to adopt such amendments, modifications and expansions of the Agreement and all exhibits attached hereto as (i) are consistent with the Final Approval Order and Judgment, and (ii) which do not limit the rights of Settlement Class Members under the Agreement.

17. The Court hereby grants Lead Class Counsel's request for an award of reasonable attorneys' fees in the total amount of $ _13,819,500_, and expenses in the amount of $ _141,186._. In addition, the Court makes an Incentive Award for each Class Representatives in the amount of $5,000, to be paid from the Settlement Pool which the respective Class Representative represents and grants Class Counsel authority to make incentive payments of up $2,500 to ten additional non-named plaintiffs.

18. Nothing in this Final Approval Order and Judgment, the Class Settlement, the Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendants.

19. In the event that the Class Settlement does not become effective according to the terms of the Agreement, this Final Approval Order and Judgment shall be rendered null and void as provided by the Agreement, shall be vacated and, all orders entered and released delivered in

connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

20. No Settlement Class Member, either directly, representatively, or in any other capacity (other than a Settlement Class Member who validly and timely submitted a valid Request for Extension), shall commence, continue, or prosecute any action or proceeding against any or all Defendants in any court or tribunal asserting any of the Class Released Claims defined in the Agreement, and are hereby permanently enjoined from so proceeding.

21. Without affecting the finality of the Final Approval Order and Judgment, the Court shall retain continuing jurisdiction over the Action, the Parties and the Settlement Classes, and the administration and enforcement of the Settlement. Any disputes or controversies arising with respect to the enforcement or implementation of the Settlement shall be presented by motion to the Court, provided, however, that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights under Paragraphs 13 and 16 above.

22. There being no just reason to delay, the Clerk is directed to enter this Final Approval Order and Judgment forthwith.

_____
DENNIS M. CAVANAUGH, U.S.D.J.